UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:21-12-KKC |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| KENNETH MOBLEY, | |
| Defendant. | |

*** *** ***

This matter is before the Court on the motion filed by Defendant Kenneth Mobley (DE 91) to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The magistrate judge has filed a recommendation (DE 111) that the Court deny the motion.

Mobley pleaded guilty to wire fraud and aggravated identity theft. He purchased stolen identifying information on the "dark web" and used that information to purchase luxury cars from dealerships. (DE 70, Amended Judgment.) By judgment dated January 25, 2022, the Court sentenced him to a prison term of 76 months. Mobley appealed, and the Sixth Circuit Court of Appeals affirmed the judgment. *United States v. Mobley*, No. 22-5096, 2023 WL 165962 (6th Cir. Jan. 12, 2023), *cert. denied*, 143 S. Ct. 846 (2023).

The magistrate judge's recommendation sets forth more of the facts regarding Mobley's conviction and sentencing. Mobley does not object to any of those facts. Thus, the Court will not repeat them here. The magistrate judge distilled Mobley's motion into four

1

arguments: (1) his loss calculation was erroneous because it was not reduced by his loan payments and the returned collateral; (2) his restitution amount was erroneous because he was ordered to pay restitution to individuals/entities that were not victims; (3) his sentence was improperly calculated by using intended loss instead of actual loss; and (4) he was given an improper upward variance because there was no loss at all.

As to the first two claims, the magistrate judge determined that Mobley had raised these claims already on his direct appeal. Thus, Mobley could not relitigate those claims in his § 2255 motion because he did not argue an intervening, retroactive change in law or set forth any highly exceptional circumstances that would justify reasserting the claims.

As to the third and fourth claims – regarding use of the intended loss to calculate his sentence and the argument that he caused no loss at all – the magistrate judge determined that, in his plea agreement, Mobley had waived his right to make these collateral attacks. The magistrate judge determined that these claims were also "procedurally defaulted" because Mobley did not raise them at sentencing or on direct appeal, meaning he could not later bring the claims in a § 2255 motion. Finally, the magistrate judge determined that these claims failed on the merits.

Mobley does not object to the magistrate judge's determination that his claims are barred. His objection consists of one argument. He argues that this Court erred by applying the definition of the term "loss" contained in the commentary to the Sentencing Guidelines. He cites *United States v. Riccardi*, 989 F.3d 476 (6th Cir. 2021), a case in which the defendant argued that a portion of the commentary to § 2B1.1 not at issue here conflicted with the guideline. *Id.* at 483. The court determined that, when such a challenge is presented, the court should not "immediately defer" to the commentary. *Id.* at 486. Instead, following *Kisor v. Wilkie*, 139 S.Ct. 2400 (2019), the court must first determine if the guideline is "genuinely ambiguous" and whether the commission's interpretation of the guideline contained in the

2

commentary falls "within the zone of ambuiguity" in the guideline. *Id*. *But see United States v. Agrawal*, 97 F.4th 421, 436 (6th Cir. 2024) ("Both parties accept that the commentary's instructions adequately interpret the guideline, so we may take their validity as a given."), *cert. denied sub nom. Agrawal, Jyoti v. United States*, No. 23-7823, 2024 WL 4427138 (U.S. Oct. 7, 2024).

Mobley wants this Court to analyze whether the commentary at issue here conflicts with the guideline. He has waived this argument for two reasons.

First, Mobley did not raise this issue on direct appeal. In fact, the Sixth Circuit specifically noted that Mobley did not "challenge the validity of the Guidelines commenary defining loss." *Mobley*, 2023 WL 165962, at *2, n.2. Thus, he cannot assert this argument in a § 2255 motion without demonstrating either 1) cause and prejudice excusing his failure to raise the issue on direct appeal or 2) that he is actually innocent. *See Hueso v. Barnhart*, 948 F.3d 324, 336 (6th Cir. 2020). Mobley does not address either showing. In fact, he concedes he committed the crimes, but argues that he would not have if he had known how loss would be calculated. (DE 116 Objections 21.)

Second, in his plea agreement, Mobley waived the right to collaterally attack his conviction and sentence, except for claims of ineffective assistance of counsel.

For all these reasons, the Court hereby ORDERS as follows:

1) Mobley's objections to the magistrate judge's recommendation are OVERRULED;
2) the Court adopts the recommendation as its opinion;
3) for the reasons stated in the recommendtion and in this opinion, Mobley's motiion (DE 91) to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is DENIED; and
4) judgment will be entered consistent with this opinion.

This 16th day of October, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY