UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:21-12-KKC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| KENNETH MOBLEY, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion filed by Defendant Kenneth Mobley (DE 122) for a sentence reduction or for a judicial recommendation to the Bureau of Prisons that he be placed in a residential reentry program prior to his release from custody.

Mobley pleaded guilty to wire fraud and aggravated identity theft. He purchased stolen identifying information on the "dark web" and used that information to purchase luxury cars from dealerships. (DE 70, Amended Judgment.) By judgment dated January 25, 2022, the Court sentenced him to a prison term of 76 months. Mobley appealed, and the Sixth Circuit Court of Appeals affirmed the judgment. *United States v. Mobley*, No. 22-5096, 2023 WL 165962 (6th Cir. Jan. 12, 2023), *cert. denied*, 143 S. Ct. 846 (2023).

According to the Bureau of Prisons' website, he is scheduled to be released from federal custody on March 20, 2026.

1

In his motion, Mobley sets forth a list of admirable steps he has taken while in prison to transform and rehabilitate himself. He has enrolled in educational and work programs while in custody and has worked to obtain his HVAC lience. This will assist him in becoming a productive member of society upon his release. The Court commends Mobley on all these efforts and achievements. In addition, Mobley explains that he intends to continue his education upon release. He expresses sincere remorse for his past actions.

A federal statute gives this Court, however, very limited authority to reduce a prison sentence. 18 U.S.C. 3582(c). In his letter, Mobley does not assert that any circumstances exist that would allow this Court to reduce his sentence under that statute.

As to Mobley's request that he be placed in a residential reentry program pursuant to 18 U.S.C. § 3624(c), the BOP is the entity that designates the place of the prisoner's imprisonment. 18 U.S.C. § 3621(b). Nevertheless, among the factors that the BOP can consider in making that determination is any statement by the sentencing court concerning the purpose for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate. 18 U.S.C. § 3621(b)(4). Based upon the record before it, the Court has no objection to Mobley being placed in a residential reentry center prior to his release from custody if the BOP finds that appropriat

Accordingly, the Court hereby ORDERS that Mobley's motion (DE 122) is GRANTED to the extent he asks for a statement by the Court that, based upon the record before it, the Court has no objection to him being placed in a residential reentry center prior to his release from custody if the BOP finds that appropriate. The motion is otherwise DENIED.

May 12, 2025



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY